IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RASHAD EMON CLARK,**

    Petitioner,

v.                                                                      Civil Action No. **3:20CV134**

**WARDEN J. ANDREWS,**

    Respondent.

**MEMORANDUM OPINION**

Rashad Emon Clark, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The matter is before the Court for preliminary review. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("Rules Governing § 2254 Cases") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[2] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

## I. Procedural History

On October 17, 2020, Clark pled guilty to one count of sex trafficking of a minor, one count of conspiracy to commit sex trafficking of a minor, and two counts of coercing and enticing minors to engage in illicit sexual conduct in the Southern District of Florida ("Sentencing Court"). Plea Agreement ¶ 1, *United States v. Clark*, No. 9:12–CR–80036–DMM–1 (S.D.F. Oct. 17, 2012.) On March 15, 2013, the Sentencing Court sentenced Clark to 136 months on each count to be served concurrently. Judgment 2, *United States v. Clark*, No. 9:12–CR–80036–DMM–1. Clark filed no appeal.

In his § 2241 Petition, Clark provides the following statement of his claim:[3]

> Based on past criminal history category, I would fall under (Cat I) for sentencing. This was a sentencing Cat. that has a sentencing range from 108 to 135 months. I was sentenced under (Cat II). This Cat. has a range of 121 to 151 months. The Judge stated on the record that he was going to "split the difference" and sentenced me to 136 months under the Cat. II sentencing guidelines. If the Judge's intention in this matter was to "split the difference" in the sentencing guidelines that I fall under, then I would have only been sentenced to 121 months! By following Cat. II the Sentencing Court violated my constitutional rights.

(ECF No. 1, at 6–7.) As discussed below, Clark fails to demonstrate that he may use § 2241 to obtain relief.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under

---

[3] The Court employs the pagination assigned to Clark's § 2241 Petition by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Clark's submissions.

2

28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). The United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645, 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[5]

### III. Analysis of Clark's 28 U.S.C. § 2241 Petition

In his § 2241 Petition, Clark challenges the fairness, not the legality, of his sentence. Clark fails to satisfy the second, third, or fourth prongs of *Wheeler*. Specifically, Clark fails to demonstrate that the applicable "settled substantive law changed and was deemed to apply retroactively on collateral review," and that "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. Clark also fails to demonstrate that "he is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions," *id.*, as it does not appear Clark ever filed a § 2255 motion in the Sentencing Court. Because Clark has failed to meet the second, third, or fourth prongs of *Wheeler*, he may not proceed under § 2241.

---

[5] Until *Wheeler*, a petitioner was not permitted to challenge his or her sentence without showing that the underlying *conviction* was invalid:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34 (emphasis added).

IV. Conclusion

For the foregoing reasons, Clark's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ /s/
John A. Gibney, Jr.
United States District Judge

Date: 26 October 2020
Richmond, Virginia